1

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)

2

Matthew B. George (SBN 239322)
Clarissa R. Olivares (SBN 343455)

3

1999 Harrison Street, Suite 1560
Oakland, CA 94612

4

Telephone: 415-772-4700
Facsimile: 415-772-4707

5

Email:  *lking@kaplanfox.com*
        *mgeorge@kaplanfox.com*

6

        *colivares@kaplanfox.com*
*Attorneys for Plaintiff Christian Varbanovski and the*

7

*Proposed Classes*

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

11

CHRISTIAN VARBANOVSKI, individually,
and on behalf of all others similarly situated,

Case No. 5:25-cv-03517

12

Plaintiff,

**CLASS ACTION**

**CLASS ACTION COMPLAINT**

13

v.

**DEMAND FOR JURY TRIAL**

14

APPLE INC.,

15

Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Christian Varbanovski ("Plaintiff"), by his undersigned counsel, on behalf of himself and a Class of those similarly situated, brings this action against Apple, Inc. ("Apple" or "Defendant"), and alleges based upon personal knowledge of the allegations pertaining to himself, and upon information, belief, and the investigation of counsel as to all other allegations.

## INTRODUCTION

1.    Defendant Apple is one of the most prominent and profitable technology companies in American history. After bursting into the scene in the 1970s with the cutting-edge Apple Computer, Apple's next market-shaking innovation was in 2007: the release of the first iPhone.

2.    Ever since, successive generations of the iPhone have been marketed as a top-of-the line, worldwide symbol of luxury and innovation.

3.    It was no surprise, therefore, that Apple's announcement of the iPhone 16 was met with great fanfare, especially when Apple announced that the iPhone 16[1] would be the next great leap in Apple technology. One feature set the iPhone 16 apart from prior iPhone models: it would be "[t]he first iPhone built for Apple Intelligence."[2]

4.    "Apple Intelligence" refers to Apple's (supposedly) proprietary and cutting-edge artificial intelligence software. According to Craig Federighi, Apple's senior vice president of Software Engineering ("Federighi"), "Apple Intelligence unlocks exciting new capabilities that make your iPhone, iPad, and Mac even more helpful and useful, from Writing Tools to help refine your writing, to summarized notifications that surface what's most important, to the ability to search for almost anything in your photos and videos by simply describing it[.]"[3]

5.    In particular, Apple promised that Apple Intelligence would powerfully upgrade Apple's software-based virtual assistant, Siri, transforming it into a more conversational personal

---

[1] The iPhone 16 product line includes several substantially similar models: the Apple iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, and iPhone 16 Pro Max.

[2] Archived version of Apple's iPhone 16 page, dated September 11, 2024, https://web.archive.org/web/20240911122231/https://www.apple.com/iphone-16/, *last accessed* April 14, 2025.

[3] https://www.apple.com/newsroom/2024/10/apple-intelligence-is-available-today-on-iphone-ipad-and-mac/ ("Apple Newsroom: Apple Intelligence Introduction"), *last accessed* April 14, 2025.

assistant capable of quickly and accurately analyzing data across a variety of applications, and applying that data to solve everyday problems ("Conversational Siri").

6.      Through advertisements, presentations, and official product pages, Apple represented that these Apple Intelligence capabilities would be present at the launch of the iPhone 16.

7.      Perhaps for this reason, pricing for the iPhone 16 began at $799 and could be over $1,000 for certain models, before upgrades.

8.      Apple's promises were false. Apple Intelligence was not available on the iPhone 16 at launch.

9.      On October 28, 2024, a month after launch of the iPhone 16, Apple triumphantly announced that Apple Intelligence was officially available on iPhone, iPad, and Mac.[4] At last, users could "tap into Apple Intelligence to refine their writing; summarize notifications, mail, and messages; experience a more natural and capable Siri; remove distracting objects from images with Clean Up; and more[.]"[5]

10.      Unfortunately, Apple's promises were still false. As 2024 came to a close, the iPhone 16 still lacked many of the much-touted Apple Intelligence capabilities—most notably the enhanced, Conversational Siri capabilities that Apple spent months advertising. It still lacks those capabilities today.

11.      In other words, Apple charged consumers for an iPhone they would not have purchased, or at least not at its premium price, had the advertising not relied on falsehoods and misrepresentations.

12.      Apple finally acknowledged in March 2025 that the promised Apple Intelligence features, including Conversational Siri, were nonfunctional and would be rolled out to consumers "in the coming year."[6]

---

[4] *Id.*

[5] *Id.*

[6] https://daringfireball.net/2025/03/apple_is_delaying_the_more_personalized_siri_apple_intelligence_features, *last accessed* April 15, 2025; *see also* https://www.nytimes.com/2025/04/11/technology/apple-issues-trump-tariffs.html, *last accessed*

13.     The promised features are unlikely to be available for consumers to enjoy in 2025, however. According to Mark Gurman, managing editor of Bloomberg ("Gurman"), the much-advertised "conversational version of Siri won't reach consumers until iOS 20[7] at best."[8] iOS 20 is expected to launch in 2027—three years after the launch of the iPhone 16.[9]

14.     Rather than take accountability for its false and misleading advertising, Apple has instead quietly removed advertisements featuring the Apple Intelligence features of the iPhone 16.

15.     Plaintiff is a consumer who purchased iPhone 16s after seeing advertisements representing that the iPhone 16 would be equipped with Apple Intelligence, including the Conversational Siri that Apple so heavily advertised. Instead, he was sold an iPhone that is virtually indistinguishable from prior models of the iPhone, which does not include the promised Apple Intelligence features, and which will not include the promised Apple Intelligence features anytime soon.

16.     Had Plaintiff known the truth, he would not have purchased the iPhone 16, or would have paid less for it.

17.     As discussed herein, Apple includes a California choice-of-law provision in the Software License Agreement accompanying its iOS software, and other agreements. Plaintiff accordingly alleges claims under California law.

**JURISDICTION AND VENUE**

18.     This Court has personal jurisdiction over the Defendant. The Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d). Defendant has transacted business and affairs in California and has committed the acts complained of in California. The amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and this case is a class action in which some members of the Class are citizens of different states than

---

April 15, 2025.

[7] "iOS" is Apple's name for the operating system iPhones run on.

[8] https://mashable.com/article/apple-full-siri-ai-overhaul-reportedly-delayed-until-2027, *last accessed* April 14, 2025.

[9] *Id*.

Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

19.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c), and (d) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district. Defendant has transacted business and affairs in this district and has committed the acts complained of in this district.

<strong>THE PARTIES</strong>

20.    Plaintiff Christian Varbanovski resides in New York County, New York.

21.    Plaintiff Varbanovski purchased an iPhone 16 Pro for $ 1,414.29 from an Apple Store in New York County, New York.

22.    Defendant Apple, Inc. is headquartered in Cupertino, California.

<strong>FACTUAL ALLEGATIONS</strong>

**A.    Apple and the AI Race**

23.    Apple is a global technology leader that made an eye-popping $391.04 billion in 2024 alone.[10] Much of this revenue is from the sale of iPhones, which have made up 48.09% of Apple's total revenue in the final quarter of 2024.[11]

24.    In fact, Apple has made over $100 billion in revenue every year since 2011, making it one of the wealthiest corporations on Earth.[12]

25.    Apple shipped roughly 226 million iPhones worldwide in 2024.[13] Of those, shipments of the falsely-advertised iPhone 16 Pro and Pro Max in 2024 were approximately 11% higher than the 15 Pro and Pro Max in 2023, reaching over 55 million units.[14]

---

[10] https://backlinko.com/apple-statistics#apple-annual-revenue, *last accessed* April 14, 2025.

[11] *Id.*

[12] *See* https://companiesmarketcap.com/ (as of April 14, 2025, ranking Apple as the #1 largest company in the world by market share, and #8 largest by revenue).

[13] https://canalys.com/newsroom/worldwide-smartphone-market-2024, *last accessed* April 14, 2025.

[14] *Id.*

26.    Despite Apple's staggering annual revenue, it has struggled to keep apace with competitors in the generative artificial intelligence ("AI") space.[15]

27.    By contrast, Samsung recently launched the Samsung Galaxy S25, which it advertises as "an AI-powered, pocket-sized personal assistant designed to keep you organized and unstoppable."[16] Google, too, has released a new Pixel smartphone powered by Google's proprietary Gemini AI virtual assistant.[17]

28.    Indeed, Deloitte "predicts that the share of shipped gen AI–enabled smartphones could exceed 30% by the end of 2025."[18]

**B.    Apple's Misleading iPhone 16 Advertisements**

29.    A consumer in summer of 2024 would have had no inkling of Apple's lagging AI capabilities, however.

30.    To the contrary, Apple unveiled its competitor Apple Intelligence at the Worldwide Developers Conference ("WWDC") on June 10, 2024. On that date, Apple represented that its upgraded Conversational Siri had or would have new Apple Intelligence functions, including the ability to harness consumer-specific information across applications and communications and to consider information currently displayed on-screen.

31.    In Apple's WWDC announcement video, Federighi introduces the segment on Apple Intelligence by stating that "[t]his is a moment we've been working towards for a long time."[19] He describes Apple Intelligence as "the personal intelligence system that puts powerful generative models right at the core of your iPhone, iPad, and Mac. It draws on your personal context

---

[15] https://www.bloomberg.com/news/articles/2025-03-14/apple-s-sirichief-calls-ai-delays-ugly-and-embarrassing-promises-fixes, *last accessed* April 16, 2025 ("The frank discussion shows the extent of Apple's crisis in the field of artificial intelligence, where it's struggling to catch up with peers. Siri — less advanced than rival systems — has become a symbol of Apple's AI challenges.").

[16] https://www.samsung.com/us/galaxy-ai/, *last accessed* April 14, 2025.

[17] https://store.google.com/intl/en/ideas/categories/ai/, *last accessed* April 16, 2025.

[18] https://www2.deloitte.com/us/en/insights/industry/technology/technology-media-and-telecom-predictions/2025/gen-ai-on-smartphones.html, *last accessed* April 14, 2025.

[19] https://www.youtube.com/watch?v=RXeOiIDNNek ("WWDC Announcement Video"), *last accessed* on April 15, 2025 (quoted language at 1:06:20).

to give you intelligence that is most helpful and relevant to you . . . . And it is deeply integrated into our platforms and throughout the apps you rely on to communicate, work, and express yourself."[20]

32.    Federighi continues, explaining that Apple has "designed Apple Intelligence so it can tap into [the applications consumers use daily] and carry out tasks on your behalf. So you can say things like: 'Pull up the file that Joz shared with me last week,' or 'Show me all the photos of Mom, Olivia, and me,' or 'Play the podcast that my wife sent the other day." We are designing Apple Intelligence to be able to orchestrate these and hundreds of other actions for you[.]"[21]

33.    Federighi then explains how it all, supposedly, works: "Apple Intelligence is grounded in your personal information and context, with the ability to retrieve and analyze the most relevant data from across your apps, as well as to reference the content on your screen, like an email or calendar event you are looking at."[22]

34.    In another example of Apple Intelligence's abilities, Federighi hypothesizes that he has a work meeting that may prevent him from reaching his daughter's theater performance on time. He explains that "Apple Intelligence can process the relevant personal data to assist me. It can understand who my daughter is, the relevant play details she sent several days ago, the time and location for my meeting, and predicted traffic between my office and the theater."[23]

35.    On the same day, Apple issued a press release introducing Apple Intelligence to the world and announcing that "Siri Enters a new Era[.]"[24] Apple stated: "Powered by Apple Intelligence, Siri becomes more deeply integrated into the system experience. With richer language-understanding capabilities, Siri is more natural, more contextually relevant, and more personal, with the ability to simplify and accelerate everyday tasks."[25]

---

[20] *Id.* (quoted language at 1:07:07).

[21] *Id.* (quoted language at 1:10:10).

[22] *Id.* (quoted language at 1:10:45).

[23] *Id.* (quoted language at 1:11:13).

[24] Apple Newsroom: Apple Intelligence Introduction.

[25] *Id.*

36.     As in Apple's WWDC announcement video, Apple used its June 10, 2024 press release to again promise that a consumer could say to Conversational Siri: "Play that podcast that Jamie recommended," and "Siri will locate and play the episode, without the user having to remember whether it was mentioned in a text or an email."[26]

37.     Put differently, Apple promised that Conversational Siri, powered by Apple Intelligence, could search your phone for messages from Jaime—including email, text, and other messaging apps—locate the name of the podcast, and immediately search for and begin playing the podcast on the consumer's default podcast application.

38.     Apple reiterated: with Apple Intelligence, "Siri can now take hundreds of new actions in and across apps, including finding book recommendations sent by a friend in Messages and Mail."[27]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[26] *Id.*

[27] *Id.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



Siri can now take hundreds of new actions in and across apps, including finding book recommendations sent by a friend in Messages and Mail.

20    39.    In a short section titled "Availability" at the end of this press release, Apple wrote

21   that "Apple Intelligence is free for users, and will be available in beta as part of iOS 18, iPadOS 18,

22   and macOS Sequoia this fall in U.S. English. Some features, software platforms, and additional

23   languages will come over the course of the next year."

24    40.    These Apple Intelligence features would be available not only on the iPhone 16, but

25   also on future Apple devices, including iPads and laptop and desktop computers.

26    41.    A variety of news sites and technology blogs reported on Apple's WWDC

27   announcement. TechCrunch writer Biran Heater wrote of the upgrades to Siri in particular: "Apple

28   Intelligence also includes what is likely the biggest update to Siri since it was announced more than

1    a decade ago. The company says the feature is 'more deeply integrated' into its operating

2    systems."[28] According to TechCrunch, these features would be available in late 2024.

3    42.    Similarly, the Guardian reported that "the much-anticipated AI enhancements to

4    Apple's chatbot Siri include ChatGPT integration, richer language understanding and deeper

5    integration with individual apps. Siri will also be able to view your calendar, photos and messages

6    to respond better to text – for example, you could ask when your mum's flight is landing and Siri

7    would figure it out based on recent messages and emails, according to Apple."[29]

8    43.    As to the timing of these features, the Guardian reported that "[t]he first iteration of

9    iOS 18 will debut alongside Apple's iPhone 16 models in September, but the AI features are

10    arriving later, in the iOS 18.1 update expected in mid- to late October."[30]

11    44.    From Apple's WWDC announcement on June 10, 2024, to the September 2024

12    launch of the iPhone 16, Apple flooded advertisement streams and billboards with depictions of

13    Apple Intelligence's advanced capabilities—few, if any, of which clarified that the iPhone 16

14    would not ship with Apple Intelligence enabled, and none of which warned consumers that the full

15    suite of promised Apple Intelligence features would be unavailable until 2027, at the earliest.

16    / / /

17    / / /

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    _____

26    [28] https://techcrunch.com/2024/06/10/apple-intelligence-is-the-companys-new-generative-ai-offering/, *last accessed* April 15, 2025.

27    [29] https://www.theguardian.com/technology/article/2024/aug/24/apple-intelligence-iphone-ios-18-siri-chat-gpt-launch, *last accessed* April 15, 2025.

28    [30] *Id.*

45.     For example, Apple's webpage advertising the iPhone 16 prior to launch centered an image of the iPhone 16 in the color "ultramarine." Above the phone are two lines of text. First, in smaller, plain white font: "iPhone 16"; just below, in larger text lit by a rainbow halo: "Hello, Apple Intelligence."[31]



46.     In small text at the bottom of the image, Apple provided a single caveat: "Apple Intelligence coming this fall," meaning fall of 2024.

47.     In a section of the webpage titled "[a] new era for Siri," Apple promised that "[w]ith all-new superpowers, Siri will be able to assist you like never before."[32] For example, "[n]eed your passport number while booking a flight? Siri can help you find what you're looking for, without compromising your privacy."[33]

---

[31] Archived version of Apple's iPhone 16 page, dated September 11, 2024, https://web.archive.org/web/20240911122231/https://www.apple.com/iphone-16/, *last accessed* April 14, 2024.

[32] *Id*.

[33] *Id*.

48.      In September 2024, concurrent with the release of the iPhone 16 and a mere month before Apple released the Apple Intelligence iOS update, Apple released an advertisement featuring actor Bella Ramsay (the "Ramsay Ad"). In the advertisement, Apple depicts Ramsay in a hallway, catching sight of an acquaintance whose name they have forgotten. In the moments before the "guy" spots Ramsay, Ramsay asks: "Siri, what's the name of that guy I had a meeting with a couple of months ago at Café Grenel?"[34]

49.      Just in time, Siri responds: "You met Zac Wingate at Café Grenel."



/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[34] https://www.youtube.com/watch?v=IIOw69HztX0, *last accessed* April 14, 2025.

50.     Zac Wingate is pleasantly surprised that Ramsay remembers him, and while Ramsay pretends to have recognized him organically, the text appears on the screen, reading: "More personal Siri[.]"



51.     In small text at the bottom of the screen, Apple states: "Apple Intelligence coming fall 2024 with Siri and device language set to U.S. English. Some features and languages will be coming over the next year."

52.     The Ramsay Ad concludes with a series of blank screens reading first "Hello, Apple Intelligence." followed by "iPhone 16 Pro[.]"



CLASS ACTION COMPLAINT

iPhone 16 Pro

53.     Through this advertisement, Apple promises that the iPhone 16 iteration of Siri, powered by Apple Intelligence, will be able to search a consumer's phone, including calendar applications, for a meeting at a specific café over the past several months, ascertain who else attended the meeting (perhaps via calendar invitees; perhaps via context clues in email or text messages), and, in mere seconds, remind the consumer of an inconveniently-forgotten name.

54.     The Ramsay Ad, like virtually all of Apple's iPhone 16 advertisements during this period, does not inform consumers that Apple intends to launch the iPhone 16 without Apple Intelligence enabled. It certainly does not inform consumers that the features depicted in the advertisement do not exist, and will not exist any time before 2027.

55.     The small text at the bottom of the screen stating that "Apple Intelligence coming fall 2024 with Conversational Siri and device language set to U.S. English. Some features and languages will be coming over the next year" does not alter Apple's promises and representations for several reasons.

56.     First, the text in fact confirms that Apple Intelligence—the product Ramsay is supposedly relying on in the advertisement—will be available for Siri- and Apple Intelligence-compatible devices, including the iPhone 16, set to U.S. English in fall 2024.

57.     The disclaimer that "some features and languages will be coming over the next year" would not cause a reasonable consumer to believe that the "More personal Siri" assistant that is the entire subject of the Ramsay Ad would not be available upon launch of the iPhone 16.

58.     This is confirmed by the Ramsay Ad's final lines: "Hello, Apple Intelligence. IPhone 16[.]" Any reasonable consumer would understand this to mean that the iPhone 16 will ship with Apple Intelligence enabled and that, while Apple may upgrade features and add new languages, the features depicted in Apple's advertisements, including the "more personal Siri," will be functional by the launch date.

59.     In any event, the promised "more personal Siri" will not be available any time in 2025, and has been instead pushed back to 2027.[35]

60.     Perhaps for this reason, Apple pulled the Ramsay Ad from its website, YouTube page, and other online accounts in March, 2025.

61.     Due to the flood of advertisements for Apple Intelligence in the months before the iPhone 16 shipped, when the iPhone 16 release date of September 20, 2024, finally rolled around, many consumers, including Plaintiff, were surprised to learn that the iPhone 16 would not come with Apple Intelligence pre-loaded.

62.     Consumer complaints flooded the internet, including Apple's own community discussion boards, where disgruntled iPhone 16 buyers wrote:

- "Just trade[d] in my iPhone 12 Pro Max for the 16 expecting it to have all the features that were advertised with Apple Intelligence. But instead I got a phone virtually the same as my 12 with a bit of a hardware upgrade."[36]

- "I would have never upgraded had I known this phone would not have those features. I'm highly disappointed and feel like I was scammed"[37]

- "Every commercial on TV is broadcasting the 16 model with Apple Intelligence. I understand Apple is not advertising it on their website that it's available yet but people don't necessarily buy their phones by reading the fine print on the Apple website. They are buying their phones through social media and television commercials that are promoting the

---

[35] https://mashable.com/article/apple-full-siri-ai-overhaul-reportedly-delayed-until-2027, *last accessed* April 14, 2025.

[36] https://discussions.apple.com/thread/255784851?sortBy=rank, *last accessed* April 15, 2025 (post dated Oct. 2, 2024).

[37] *Id.* (comment dated Oct. 24, 2024).

phone with this feature and it is not available yet so it's frustrating."[38]

63.     Reporting indicates that Apple's marketing employees were disconnected from the engineers and programmers working on Apple intelligence.[39] In other words, Apple's marketing, including the Ramsay Ad, was driven by what consumers want to see, and were willing to pay top-dollar for, rather than what Apple was actually capable of producing.

64.     This deployment of false and misleading advertisement—advertisements that say what will sell, rather than what is true—is precisely the kind of behavior California consumer protection law seeks to eradicate.

**C.     The Failure of Apple Intelligence**

65.     Excited consumers were able to take home the first iPhone 16 models on the launch date of September 20, 2024.[40] If consumers found it odd that the iPhone 16's major selling feature—the much-touted Apple Intelligence—did not come-pre-installed, they would soon come to learn why: many of the advertised Apple Intelligence features do not work and are not available as of the filing of this Complaint.

66.     Yet on October 28, 2024, a month after launch of the iPhone 16, Apple triumphantly announced that Apple Intelligence was officially available on iPhone, iPad, and Mac with the release of a series of software updates, including the updated to iOS 18.1 for the iPhone 16.[41] Upon downloading the new iOS 18.1, "[u]sers can now tap into Apple Intelligence to refine their writing; summarize notifications, mail, and messages; experience a more natural and capable Siri; remove distracting objects from images with Clean Up; and more[.]"[42]

---

[38] *Id.* (comment dated Oct. 25, 2025).

[39] https://opentools.ai/news/apple-pulls-misleading-ai-ad-as-siri-feature-falls-short, *last accessed* April 16, 2025 (Apple's "marketing team apparently moved forward without aligning with the current technological capabilities of Apple's AI development teams").

[40] Consumers were able to pre-order an iPhone 16 beginning on September 13, 2024.

[41] Apple Newsroom: Apple Intelligence Introduction.

[42] *Id.*

67.    In this press release, Apple doubled down on the representations that, with Apple Intelligence, "Siri becomes more natural, flexible, and deeply integrated into the system experience."[43]

68.    But unlike Apple's press release announcing Apple Intelligence just three months earlier, Apple drastically scaled down descriptions of Siri's capabilities, omitting earlier promises of a conversational personal assistant capable of quickly and accurately analyzing data across a variety of applications, and applying that data to solve everyday problems.

69.    In other words, there is no more personal, Conversational Siri powered by Apple Intelligence. Consumers cannot ask Siri to "Pull up the file that Joz shared with me last week," or "Show me all the photos of Mom, Olivia, and me," or "Play the podcast that my wife sent the other day."[44]

70.    Siri cannot "retrieve and analyze the most relevant data from across your apps, as well as to reference the content on your screen, like an email or calendar event you are looking at."[45]

71.    Siri cannot do *anything* it was depicted doing in the Ramsay Ad.

72.    In the section titled "Availability," Apple stated that "[t]he first set of Apple Intelligence features is available now as a free software update with iOS 18.1, iPadOS 18.1," but offered no information on when consumers can expect the Apple Intelligence features they were advertised, paid for, and expected with the purchase of their iPhone 16, including but not limited to improvements to Siri.

73.    It was not until February 14, 2025—nine months after Apple began promoting Apple Intelligence and the iPhone 16, five months after the release of the iPhone 16, and four months after the launch of iOS 18.1 and Apple Intelligence—that Apple finally admitted to

---

[43] https://www.apple.com/newsroom/2024/10/apple-intelligence-is-available-today-on-iphone-ipad-and-mac/ ("Apple Newsroom: Apple Intelligence Launch"), *last accessed* April 15, 2025.

[44] *See* WWDC Announcement Video.

[45] *Id.*

consumers that the advertised Apple Intelligence features, including Conversational Siri, were delayed until at least May of 2025.[46]

74.    Linking to the since-removed Ramsay Ad, Gurman commented on the wide delta between Apple's representations of the powerfully—even transformatively—convenient capabilities of Apple Intelligence on the iPhone 16 in September 2024 and the lackluster reality revealed to the world mere weeks later.[47]



75.    It strains credulity that when Apple released the Ramsay Ad in September, Apple was unaware that the Conversational Siri features advertised in the Ramsay Ad did not exist and would not exist in October, when the iOS update bringing Apple Intelligence to the masses was slated for release.

76.    Indeed, reporting indicates that Apple employees knew or should have known that the representations in the Ramsay Ad were false and misleading.

77.    Per Bloomberg, "software chief Craig Federighi and other executives voiced strong concerns internally that the features didn't work properly — or as advertised — in their personal testing[.]"[48] In fact, the advertised products are so far from being ready for consumer use that

---

[46] https://www.bloomberg.com/news/articles/2025-03-07/apple-confirms-delay-of-aiinfused-personalized-siri-assistant, *last accessed* April 14, 2025.

[47] https://x.com/markgurman/status/1896250347838202153, *last accessed* April 15, 2025.

[48] *Id.*

"[s]ome within Apple's AI division believe that work on the features could be scrapped altogether, and that Apple may have to rebuild the functions from scratch."[49]

78.    Some Apple engineers have even taken to mocking the Apple Intelligence group at Apple with a fitting moniker: "AIMLess."[50]

79.    Subsequent reporting has revealed that the much-advertised Conversational Siri won't reach consumers until iOS 20, which is expected to launch in 2027, at the earliest.[51]

80.    Apple acknowledged the likely years-long delay on March 7, 2025, when an Apple spokesperson stated that Apple had "been working on a more personalized Siri, giving it more awareness of your personal context, as well as the ability to take action for you within and across your apps. It's going to take us longer than we thought to deliver on these features."[52]

81.    This means that consumers who purchased an iPhone 16—"built for Apple Intelligence"—will not be able to use the promised Apple Intelligence features for at least *three years*.

82.    Unsurprisingly, the internet has again been flooded by complaints from consumers who purchased brand-new, thousand-dollar iPhone 16s for their advertised Apple Intelligence features, including Conversational Siri, but instead received an iPhone that is virtually identical to prior models:

- "Well I already bough [sic] the 16 pro at launch after years of not upgrading, for nothing! I've noticed zero difference between this and my 13 pro. Feel duped big time."[53]

---

[49] *Id*.

[50] https://futurism.com/apple-ai-disaster, *last accessed* April 16, 2025 (describing a mocking nickname for Apple's AI and machine-learning group, or "AI/ML" group).

[51] *Id*; *see also* https://mashable.com/article/apple-full-siri-ai-overhaul-reportedly-delayed-until-2027, *last accessed* April 14, 2025.

[52] https://daringfireball.net/2025/03/apple_is_delaying_the_more_personalized_siri_apple_intelligence_features, *last accessed* April 15, 2025.

[53] https://www.reddit.com/r/apple/comments/1j9o0iw/apple_adds_disclosure_about_delayed_siri_features/, *last accessed* April 15, 2025.

1
2
- "I should have kept my 13. It was paid off. Need a new screen and perhaps fresh battery but there's literally nothing different with my 16."[54]

3
4
- "So my 'built for Apple Intelligence' phone is only 'intelligent' enough to create stupid emojis and generate insipid text slop in my notes app. Cool."[55]

5
6
- "I'm gutted to hear about this delay, this is one feature set I was looking forward to using[.]"[56]

7
- "Garbage. iPhone 16, built for Apple Intelligence, was a scam. I now officially feel ripped off."[57]

8
9
- "So will iPhone 16 owners get some sort of compensation for false advertising? Going to 7 months without one of the main selling points this generation had going for it."[58]

10      83.    As articulated by these savvy consumers, Apple knowingly advertised the iPhone 16

11 as having features and capabilities it did not have, and will not have for the foreseeable future.

12 Apple profited off this false and fraudulent advertising.

13      84.    Consumers, excited about the new Apple Intelligence and Conversational Siri

14 capabilities that Apple spent months advertising, paid a price premium for an expensive new iPhone

15 that does not have many of the advertised features.

16      85.    To date, Apple has not taken any meaningful steps to rectify the variety of harm its

17 conduct has caused to consumers. Among other things, Apple has not provided buyers with the

18 product they believed they were purchasing (an iPhone 16 with Apple Intelligence, including

19 Conversational Siri), offered a meaningful refund, or compensated buyers for the subpar product

20 they have been saddled with. Accordingly, Plaintiff brings this action on behalf of himself, and all

21 similarly situated persons in the proposed class for the relief requested as to Plaintiff and Class

22 members and to promote the public interests in holding Apple responsible for selling the falsely

23

24 [54] *Id.*

25 [55] https://www.reddit.com/r/apple/comments/1j5uob7/apple_delays_apple_intelligence_siri_featu
26 res/, *last accessed* April 15, 2025.

27 [56] *Id.*

[57] *Id.*

28 [58] *Id.*

and fraudulently advertised iPhone 16. As a proximate result of Apple's unlawful conduct, Plaintiff and members of the proposed class have suffered damages in an amount to be determined at trial.

## PLAINTIFF'S EXPERIENCES

86.    Plaintiff Christian Varbanovski resides in the state of New York.

87.    Plaintiff Varbanovski purchased an iPhone 16 Pro for $ 1,414.29 from an Apple Store in New York County, New York.

88.    Plaintiff Varbanovski purchased an iPhone 16 in material part because of Apple's promise that it was "built for Apple Intelligence," and in expectation that the iPhone 16 would have the features Apple advertised it as having.

89.    Plaintiff Varbanovski would not have purchased his iPhone 16, or would not have paid as much for it, had he known that the iPhone 16 did not contain the advertised Apple Intelligence features, including but not limited to Conversational Siri.

## CLASS ACTION ALLEGATIONS

90.    Pursuant to Rule 23(a), (b)(2), and (b)(3), Plaintiff brings this action on behalf of themselves and the following classes and Subclass:

**Nationwide Class:**

All residents of the United States who purchased an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, and iPhone 16 Pro Max, for purposes other than resale (the "Class").

**New York Subclass:**

All residents of New York who purchased an iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, and iPhone 16 Pro Max, for purposes other than resale (the "New York Subclass").

91.    Excluded from the Class and Subclass are (i) Defendant, any entity in which a Defendant has a controlling interest or which has a controlling interest in any Defendant, and Defendant's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) Defendant's employees, officers, directors, agents, and representatives and their family members; and (iv) the Judge and staff to whom this case is assigned, and any member of the judge's immediate family.

92.    At this time, Plaintiff does not know the exact number of members of the Class; however, given the nature of the claims and the number of retail stores in the United States selling the iPhone 16, Plaintiff believes that members of the Class are so numerous that joinder of all members is impracticable.

93.    There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class and Subclass Members include:

- Whether Defendant's conduct was unfair, deceptive, and/or misleading under applicable law;

- whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class and Subclass;

- whether Defendant breached its express and/or implied warranties to Plaintiff and the Class and Subclass;

- whether Plaintiff and the Class and Subclass have sustained damages with respect to the claims asserted, and if so, the proper measure of their damages;

- whether Defendant made negligent representations with regards to the iPhone 16; and

- whether Defendant has violated the state consumer protection laws alleged in this complaint.

94.    Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased and used, in a typical consumer setting, Defendant's iPhone 16 and Plaintiff sustained damages from Defendant's wrongful conduct.

95.    Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel that is experienced in litigating complex consumer protection class actions. Plaintiff has no interests which conflict with those of the Class or the Subclass.

96.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

97.    The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate equitable relief with respect to the Class as a whole.

98.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.

## CHOICE OF LAW

99.    Apple is headquartered at 1 Apple Park Way in Cupertino, California, making California the epicenter of this case. Indeed, it is in California where Apple's high-level employees and officers direct, control, and coordinate the corporation's activities, including its marketing, software development, and major policy, financial, and legal decisions.

100.    The wrongdoing at the heart of this lawsuit emanated from Apple's Cupertino, California headquarters, where Apple employees make, *inter alia*, marketing and legal decisions.

101.    Apple elected to have California govern all claims and disputes arising out of its iPhone and iOS products that are the subject of this lawsuit.

102.    Specifically, Apple's Software License Agreement for iOS 18 and iOS 18.1, the software the iPhone 16 launched with and the update released in October 2024, provides: "This License will be governed by and construed in accordance with the laws of the State of California, excluding its conflict of law principles."

103.    Defendant's Apple Media Services Terms and Conditions, which governs consumers' use of Apple services including the App Store, Apple News, Apple Podcasts, iTunes, and more, contains similar language.

104.    An iPhone cannot operate without iOS software, and consumers cannot meaningfully use their iPhones without using Apple Media Services such as the App Store.

105.    Thus, the relevant iOS Software Licensing Agreements and the Apple Media Services Terms and Conditions are effective at the point of sale—as soon as the customers turn on their iPhone—and are part of the benefit of the consumers' bargain.

106.    By using their iPhones or doing basic tasks such as downloading applications, consumers are informed that they agree to be bound by the laws of the state of California.

107.    And in any event, California has a significant interest in regulating the conduct of businesses operating within its borders—especially when that conduct includes one of California's largest homegrown corporations. California has a particular interest in protecting the rights of Californians and of residents and citizens across the nation from harmful and fraudulent conduct emanating from a company headquartered and doing business in California.

108.    For all of these reasons, the application of California law to all of the Class Members' claims is fair and appropriate.

109.    Under California's choice of law principles, which are applicable to this action, the common law of California applies to the common law claims of all class members. Additionally, given California's significant interest in regulating the conduct of businesses operating within its borders, California's consumer protection laws may be applied to nonresident Class members.

**CLAIMS FOR RELIEF**

**COUNT ONE**
**Violations of the California Consumers Legal Remedies Act,**
**(Cal. Civ. Code §§1750, *et seq.*)**
**(On Behalf of the Plaintiff and the Nationwide Class)**

110.    Plaintiff incorporates by reference and re-alleges all prior paragraphs of this complaint as though fully set forth herein.

111.    Plaintiff brings this claim on behalf of himself and the Nationwide Class.

112.    Plaintiff and the Class Members are "consumers" that purchased "goods" in the form of the iPhone 16 within the meaning of California Civil Code section 1761.

113.    Apple is a "person" within the meaning of California Civil Code section 1761(c).

114.    The application of the California Consumer Legal Remedies Act to the putative Class in this action is appropriate because Defendant's wrongful conduct alleged herein, includes

but is not limited to Defendant's deceptive marketing of the iPhone 16 in the state of California.

115.    The California Consumer Legal Remedies Act, Cal. Civ. Code §1770(a)(5) & (7) provide, in part, as follows:

> (a)    The unfair methods of competition and unfair or deceptive acts or practices listed in this subdivision undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful:
>
> . . .
>
> (5)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have . . .;
>
> . . .
>
> (7)    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.
>
> . . .
>
> (9)    Advertising goods or services with intent not to sell them as advertised.

116.    Apple violated California Consumer Legal Remedies Act, Civil Code section 1770(a)(5), *inter alia*, by representing that the iPhone 16 has characteristics, uses or benefits, which it does not have, and/or Civil Code section 1770(a)(7) by representing that the iPhone 16 is of a particular standard, quality, or grade, even though it is of another. Such conduct includes, among other things:

a.    Marketing the iPhone 16 as having abilities, features, or attributes, including but not limited to Conversational Siri, that it does not have;

b.    Marketing and selling the iPhone 16 when it was not merchantable for the purposes it was advertised for;

c.    Marketing and selling the iPhone 16 while concealing material facts from Plaintiff and Class Members regarding the abilities, features, or attributes of the iPhone 16;

d.    Concealing from Class Members that Defendant was in breach and intended to breach its contractual obligations as set forth in this complaint;

e.    Concealing from Class Members that Defendant was in breach and intended to breach its warranty obligations as set forth in this complaint; and

1            f.       Violating additional laws and regulations as set forth herein.

2       117.     Concurrently with the filing of the instant Complaint, Plaintiff is sending a CLRA

3 notice of violation and demand letter to Defendant Apple. Upon response, or non-response within

4 thirty (30) days, to this notice, Plaintiff shall file an Amended Complaint to seek monetary relief

5 from Apple to provide actual, compensatory, statutory, and/or punitive damages.

6 **COUNT TWO**
**Unlawful, Unfair, and Fraudulent Business Acts and Practices**
**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**
**(On Behalf of Plaintiff and the Nationwide Class)**

7

8

9       118.     Plaintiff incorporates by reference and re-alleges all prior paragraphs of this

10 complaint as though fully set forth herein.

11       119.     Plaintiff brings this claim on behalf of himself and the Nationwide Class.

12       120.     Apple's acts and practices constitute unlawful, unfair, and fraudulent business

13 practices in violation of California's Unfair Competition Law, California Business and Professions

14 Code Section 17200, *et seq.* The application of California's Unfair Competition Law to the putative

15 Class in this action is appropriate because Apple's wrongful conduct alleged herein includes, but

16 is not limited, to Apple's deceptive and fraudulent marketing of the iPhone 16 in the State

17 of California.

18       121.     Defendant engaged in fraudulent, unlawful and unfair business practices in violation

19 of the Unfair Competition Law by, among other things:

20            a.       Marketing the iPhone 16 as having abilities, features, or attributes, including

21 but not limited to Conversational Siri, that it does not have;

22            b.       Marketing and selling the iPhone 16 when it was not merchantable for the

23 purposes it was advertised for;

24            c.       Marketing and selling the iPhone 16 while concealing material facts from

25 Plaintiff and Class Members regarding the abilities, features, or attributes of the iPhone 16;

26            d.       Concealing from Class Members that Defendant was in breach and intended

27 to breach its contractual obligations as set forth in this complaint;

28

e. Concealing from Class Members that Defendant was in breach and intended to breach its warranty obligations as set forth in this complaint; and

f. Violating additional laws and regulations as set forth herein.

122. Defendant also violated the Unfair Competition Law because the utility of its conduct as described in this Complaint is outweighed by the gravity of the consequences to Plaintiff and Nationwide Class Members and because Defendant's conduct as described in this Complaint is immoral, unethical, oppressive, unscrupulous or substantially injurious to Plaintiff and Nationwide Class Members.

123. Plaintiff, on behalf of himself and Nationwide Class Members, has suffered injury in the form of lost money and property, including but not limited to a diminishment in the value of the iPhone 16, as a direct and proximate result of Defendant's fraudulent, unlawful, and unfair business practices and is therefore entitled to equitable relief, including restitution, disgorgement of profits Defendant obtained from its fraudulent, unlawful and unfair business practices, and a permanent injunction that enjoins Defendant from the unlawful practices described herein, as well as attorneys' fees and costs of suit. Cal. Bus. & Prof. Code § 17203.

**COUNT THREE**
**Violation of California False Advertising Law,**
**Cal. Bus. & Prof. Code §§ 17500, *et seq*.**
**(On Behalf of Plaintiff and the Nationwide Class)**

124. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

125. Plaintiff brings this claim on behalf of himself and the Nationwide Class.

126. Each of the above deceptive and misleading advertising practices of Defendant set forth above constitutes untrue or misleading advertising under the California False Advertising Law ("FAL"), California Business & Professions Code section 17500, *et seq.*

127. At all material times, Defendant's statements, marketing and advertising materials misrepresented or omitted material facts regarding the abilities, features, or attributes of the iPhone 16 as set forth in this Complaint. Defendant is disseminating statements, marketing and advertising concerning the features and useability of its iPhone 16 that are unfair, untrue, deceptive,

or misleading within the meaning of California Business & Professions Code section 17500, *et seq.* Defendant's acts and practices have deceived and/or are likely to continue to deceive Plaintiff, members of the Class, and the public. As set forth above, Defendant's Apple Intelligence claims, including but not limited to claims about Conversational Siri, are deceptive and misleading to reasonable consumers because the advertised features simply do not exist. Defendant did not disclose any of this information to consumers.

128.    In making and disseminating the statements alleged herein, Defendant knew or should have known its advertisements were deceptive and misleading. Plaintiff and members of the Nationwide Class based their decisions to purchase and use Defendant's iPhone 16 on Defendant's misrepresentations and omissions of material facts.

129.    Plaintiff and Nationwide Class Members are entitled to relief, including enjoining Defendant to cease and desist from engaging in the practices described herein, as well as a declaration of rights that Defendant's claims are deceptive and misleading.

**COUNT FOUR**
**Violation of The Song-Beverly Consumer Warranty Act,**
**Cal. Civ. Code §§ 1790 *et seq.***
**(On Behalf of Plaintiff and the Nationwide Class)**

130.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

131.    Plaintiff brings this claim on behalf of himself and the Nationwide Class.

132.    Defendant violated the Song-Beverly Consumer Warranty Act by, among other things, violating the implied warranties of merchantability by knowingly selling the iPhone 16, which is unsuitable for its expected and advertised use in violation of sections 1791.1 and 1791.2, and was therefore not fit for the ordinary purpose for which the goods were intended to be sold.

133.    Plaintiff and Nationwide Class Members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

134.    Plaintiff seeks restitution and damages as a result of Defendant's unlawful conduct, as well as attorneys' fees and costs of suit.

1

**COUNT FIVE**
**Deceptive Acts Or Practices**
**New York Gen. Bus. Law § 349**
**(On Behalf of Plaintiff and the New York Subclass)**

2

3

4    135.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth

5    above as though fully set forth herein.

6    136.    Plaintiff brings this claim on behalf of himself and the New York Subclass.

7    137.    By the acts and conduct alleged herein, Defendant has committed unfair or deceptive

8    acts and practices by making false representations and omissions regarding the iPhone.

9    138.    The foregoing deceptive acts and practices were directed at consumers.

10   139.    The foregoing deceptive acts and practices are misleading in a material way because

11   the iPhone 16 did not in fact include the abilities, features and attributes that Defendant advertised.

12   140.    Plaintiff and members of the New York Subclass were injured as a result because

13   (a) they would not have purchased and used the iPhone 16 had they known the truth; (b) they

14   overpaid for the iPhone 16 on account of Defendant's misrepresentations and omissions; and

15   (c) their iPhone 16s have experienced a significant loss in use and value because of Defendant's

16   misrepresentations and omissions.

17   141.    On behalf of himself and other members of the New York Subclass, Plaintiff seeks

18   to enjoin the unlawful acts and practices described herein, to recover his actual damages and/or

19   three times actual damages, and reasonable attorneys' fees and costs of suit.

20

**COUNT SIX**
**False Advertising**
**New York Gen. Bus. Law § 350**
**(On Behalf of Plaintiff and the New York Subclass)**

21

22

23   142.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth

24   above as though fully set forth herein.

25   143.    Plaintiff brings this claim on behalf of himself and the New York Subclass.

26   144.    Based on the foregoing, Defendant has engaged in consumer-oriented conduct that

27   is deceptive or misleading in a material way which constitutes false advertising in violation of

28   Section 350 of the New York General Business Law because the iPhone 16 consumers received

did not include the Apple Intelligence features Defendant advertised, including but not limited to

Conversational Siri. The foregoing advertising was directed at consumers and was likely to mislead

a reasonable consumer acting reasonably under the circumstances.

145.    This misrepresentation has resulted in consumer injury or harm to the public interest.

146.    As a result of this misrepresentation, Plaintiff and members of the New York

Subclass have suffered economic injury because (a) they would not have purchased and used the

iPhone 16 had they known the truth; (b) they overpaid for the iPhone 16s on account of Defendant's

misrepresentations and omissions; and (c) their iPhone 16s have experienced a significant loss in

use and value because of Defendant's misrepresentations and omissions.

147.    On behalf of himself and other members of the New York Subclass, Plaintiff seeks

to enjoin the unlawful acts and practices described herein, to recover his actual damages and/or

three times actual damages, and reasonable attorneys' fees and costs of suit.

**COUNT SEVEN**
**Fraud**
**(On Behalf of Plaintiff and the Nationwide Class)**

148.    Plaintiff incorporates by reference and re-allege each and every allegation set forth

above as though fully set forth herein.

149.    At the time Plaintiff, and Nationwide Class Members decided to purchase an

iPhone 16, the Defendant did not disclose, but concealed and misrepresented the real capabilities

of the iPhone 16 and Apple Intelligence, as alleged herein.

150.    As detailed herein, the Defendant represented to Plaintiff and the Class that the

iPhone 16 would equipped with, or be promptly upgraded to include, Apple Intelligence software

capable of, among other things, powerfully upgrading Apple's software-based virtual assistant, Siri,

into Conversational Siri—a personal assistant capable of quickly and accurately analyzing data

across a variety of applications, and applying that data to solve everyday problems.

151.    Apple's representations were false as alleged herein.

152.    Apple knew, or should have known, that the representations were false when they

made them. When Apple released the Ramsay Ad and other advertisements touting nonexistent

Apple Intelligence features, including but not limited to Conversational Siri, in September 2024,

1   Apple knew that the iPhone 16, released that same month, would not be equipped with the

2   advertised features. Apple further knew that the features would not be included in the iOS 18.1

3   software launched in October 2024, or in any currently-planned iOS launch. Apple nonetheless

4   made false and misleading representations, at minimum, recklessly and without regard for the truth

5   of what was being represented.

6          153.   Defendant also knew that the omissions and misrepresentations regarding features,

7   abilities, and capabilities of the iPhone 16 were material, and that a reasonable consumer would

8   rely upon Defendant's representations (and corresponding omissions) in making the decision to

9   falsely and misleadingly advertise the iPhone 16.

10         154.   Defendant in fact intended to deceive Plaintiff, and Nationwide Class Members.

11         155.   Plaintiff and Nationwide Class Members did not know, nor could they have known

12  through reasonable diligence, that Defendant's representations were false and misleading.

13         156.   Plaintiff and Nationwide Class Members were reasonable in relying on the

14  Defendant's misrepresentations (and corresponding omissions) in advertising the iPhone 16 and

15  Apple intelligence.

16         157.   Plaintiff and Nationwide Class Members had a right to rely on Defendant's

17  misrepresentations (and corresponding omissions) in making their decision to purchase an

18  iPhone 16.

19         158.   Plaintiff and Nationwide Class Members sustained damages as a result of their

20  reliance on the Individual Defendants' omissions and misrepresentations, thus causing Plaintiff and

21  Nationwide Class Members to sustain actual losses and damages in a sum to be determined at trial,

22  including punitive damages.

23                                    **COUNT EIGHT**
                                **Negligent Misrepresentation**
24                   **(On Behalf of Plaintiff and the Nationwide Class)**

25         159.   Plaintiff incorporates by reference and re-allege each and every allegation set forth

26  above as though fully set forth herein.

27         160.   As discussed above, Defendant represented that the iPhone 16 and Apple

28  Intelligence had features, attributes, and capabilities that they do not have.

161.    At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

162.    At an absolute minimum, Defendant negligently misrepresented material facts about the safety of the features, attributes, and capabilities of the iPhone and Apple Intelligence, including but not limited to Conversational Siri.

163.    The negligent misrepresentations made by Defendant, upon which Plaintiff and the Nationwide Class reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Nationwide Class to purchase the iPhone 16.

164.    The negligent actions of Defendant caused damage to Plaintiff and the Nationwide Class, who are entitled to damages and other legal and equitable relief as a result.

**COUNT NINE**
**Breach of Contract**
**(On Behalf of Plaintiff and the Nationwide Class)**

165.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

166.    Defendant expressly warranted that the iPhone 16 had features, attributes, and capabilities that it does not have. Defendant's claims regarding the iPhone 16 constituted an affirmation of fact, promise, and/or description of the goods that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff and Nationwide Class Members placed importance on Defendant's claims.

167.    All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Nationwide Class Members.

168.    Defendant breached the terms of the contract, including the express warranties, with Plaintiff and the Nationwide Class Members, by not providing an iPhone 16 that conforms to the advertising and marketing claims.

169.    As a result of Defendant's breach of contract, Plaintiff and Nationwide Class Members have been damaged in an amount to be determined at trial.

**COUNT TEN**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Nationwide Class)**

170.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

171.    Plaintiff and Nationwide Class Members conferred benefits on Defendant by purchasing the iPhone 16.

172.    Defendant has knowledge of such benefits.

173.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Nationwide Class Members' purchases of the iPhone 16, which Apple advertised as being "built for Apple Intelligence." Retention of those monies under these circumstances is unjust and inequitable because Defendant represented that the iPhone 16 has features, attributes, and capabilities that it does not have, and profited off of that misrepresentation.

174.    Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Nationwide Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Nationwide Class Members for its unjust enrichment, as ordered by the Court.

**COUNT ELEVEN**
**Breach of the Implied Warranty of Merchantability**
**(On Behalf of Plaintiff and the Nationwide Class)**

175.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

176.    Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the iPhone 16 are merchantable as hardware built for and capable of running Apple Intelligence and all advertised Apple Intelligence features, including Conversational Siri.

177.    Defendant breached the warranty implied in the contract for the sale of the iPhone 16 because it is not "of fair average quality within the description" or "adequately contained, packaged, and labeled as the agreement may require," and does not "conform to the promise or affirmations of fact made on the container or label." *See* U.C.C. § 2-314(2) (listing requirements for

merchantability). As a result, Plaintiff and Nationwide Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

178.   Plaintiff and Nationwide Class Members purchased the iPhone 16 relying on Defendant's skill and judgment in properly packaging and labeling the iPhone 16.

179.   The iPhone 16s were falsely and misleadingly advertised as having abilities, features, and attributes that they do not have. As a result, Plaintiff and Nationwide Class Members did not receive the goods as warranted.

180.   As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Nationwide Class Members have been injured and harmed because they would not have purchased the iPhone 16, or would  not have paid as much for it,  if they knew the truth about the iPhone 16, and because the iPhone 16 they received was worth substantially less than the iPhone "built for Apple Intelligence" they were promised and expected.

181.   On behalf of himself and other members of the Nationwide Class, Plaintiff seeks damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of himself and members of the Class as follows:

A.   For an order certifying the Nationwide Class and New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class, and Plaintiff's attorneys as Class Counsel;

B.   For an order declaring that Apple's conduct violates the statutes referenced herein;

C.   For an order finding in favor of Plaintiff, the Nationwide Class and New York Subclass on all counts asserted herein;

D.   For actual, compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.   For injunctive relief enjoining the illegal acts detailed herein;

F.   For prejudgment interest on all amounts awarded;

G.   For an order of restitution and all other forms of equitable monetary relief;

1       H.     For an order awarding Plaintiff, the Nationwide Class and New York Subclass their

2      reasonable attorneys' fees and expense and costs of suit.

3                         **JURY TRIAL DEMAND**

4    Plaintiff demands a trial by jury on all issues so triable.

5                         Respectfully submitted,

6    DATED: April 22, 2025        **KAPLAN FOX & KILSHEIMER LLP**

7                        By:    /s/ *Laurence D. King*

8                                Laurence D. King

9                      Laurence D. King (SBN 206423)
                            Matthew B. George (SBN 239322)

10                   Clarissa R. Olivares (SBN 343455)
                          1999 Harrison Street, Suite 1560

11                   Oakland, CA 94612
                          Telephone: 415-772-4700

12                   Facsimile:  415-772-4707
                          Email:   *lking@kaplanfox.com*

13                                  *mgeorge@kaplanfox.com*
                                  *colivares@kaplanfox.com*

14                   *Attorneys for Plaintiff Christian Varbanovski and the*
                         *Proposed Classes*

15

16

17

18

19

20

21

22

23

24

25

26

27

28